UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 16-286 (ADM/FLN)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) PLEA AGREEMENT AND |
| | ) SENTENCING STIPULATIONS |
| v. | ) |
| TIMOTHY ALLEN HODNEFIELD, | ) |
| Defendant. | ) |

The United States of America and Defendant, Timothy Allen Hodnefield ("Defendant"), agree to resolve this case on the following terms and conditions. This plea agreement binds only the Defendant and the United States Attorney's Office for the District of Minnesota. It does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The Defendant agrees to plead guilty to Count 3 of the Indictment charging him with Distribution of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1). In exchange for the Defendant's guilty plea, the Government agrees to dismiss at sentencing the remaining counts of the Indictment. The parties agree, however, that the conduct supporting the dismissed charges will be considered relevant conduct for sentencing purposes.

2. **Factual Basis.** The Defendant agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt:



SCANNED
MAR 0 9 2017
U.S. DISTRICT COURT MPLS

a.   The Defendant was convicted on or about July 18, 2006 in Sauk County, Wisconsin, under the laws of the State of Wisconsin, for Possession of Child Pornography.

b.   Beginning at least as early as June 2015, the Defendant used the Ares Peer-to-Peer software program to access, download, and distribute visual depictions of minors engaging in sexually explicit conduct ("Child Pornography"). On or about June 28, 2015, in the State and District of Minnesota, the Defendant, using Ares, knowingly distributed Child Pornography. The Defendant admits that he distributed the Child Pornography using a means and facility of interstate and foreign commerce, and that the Child Pornography was mailed, shipped, and transported in and affecting interstate and foreign commerce, by any means, including by computer.

c.   The Defendant acknowledges that the Child Pornography that he knowingly distributed on or about June 28, 2015, included the following computer video and image files:

(1) **brand new 2008 pthc (kingpass hussyfan kleuterkutje kinder) 101 cumshots revised by harrier(1).wmv**, a video, which is approximately 56 seconds in length. The video depicts a prepubescent female performing oral sex on an adult male.

(2) **16 pics young pthc pussy 0.jpg**, a compilation of 16 photos, which depict the genitals of prepubescent females, and prepubescent and pubescent females engaging in vaginal and anal intercourse.

(3) **LTV46 PTHC 2012 – Best of 2010-2011 Compilation Vol. 1 (caligvla,11yo,12yo,10yo,pids,pedo,r@ygol.wmv**, a video, which is approximately 2 hours in length. The video depicts prepubescent children, of varying ages, engaged in oral, vaginal, and anal sexual acts with other children and adults.

d.   In addition to the Child Pornography that he distributed on June 28, 2015, Defendant admits that he distributed Child Pornography on at least three additional dates as detailed in the Indictment and that on September 21, 2015, he possessed 52 images and 286 videos of Child Pornography.

e.   Defendant further admits that the images and videos of Child Pornography he possessed on September 21, 2015: (1) depicted children under the age of 12; (2) depicted material that portrays sadistic or

2

masochistic conduct; and (3) some of the videos in his collection were more than 5 minutes in length.

 f. Finally, Defendant admits that he used a computer to receive and to distribute the images and videos of Child Pornography he possessed on September 21, 2015.

3. **Statutory Penalties**. The parties agree that the following statutory penalties apply to Count 3:

 a. a maximum term of forty (40) years in prison;

 b. a mandatory minimum term of fifteen (15) years in prison;

 c. a supervised release term of at least five (5) years up to a maximum supervised release term of life;

 d. a criminal fine of up to $250,000.00;

 e. a mandatory special assessment of $100.00, which is payable to the Clerk of Court at sentencing;

 f. payment of $5,000 to the Domestic Trafficking Victims' Fund; and

 g. payment of mandatory restitution in an amount to be determined by the Court.

4. **Waiver of Pretrial Motions**. The Defendant understands and agrees that he has certain rights to file pre-trial motions in this case. As part of this Plea Agreement, and based upon the concessions of the United States within this Plea Agreement, Defendant knowingly, willingly, and voluntarily gives up the right to continue to pursue pre-trial motions in this case.

5. **Revocation of Supervised Release**. Defendant understands that, if he were to violate any condition of supervised release, he could be sentenced to an additional term

of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

6. **Guideline Calculations**. Defendant agrees to be sentenced in accordance with the Federal Sentencing Act, 18 U.S.C. §§ 3551, *et seq.*, with reference to the applicable United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties stipulate that the following Guideline calculations are applicable with respect to Count 3:

    a. Base Offense Level. The parties agree that the base offense level for Distribution of Child Pornography is 22. (U.S.S.G. §2G2.2(a)(2)).

    b. Specific Offense Characteristics. The parties agree that 2 levels are added because the materials involved a prepubescent minor or a minor who had not attained the age of 12 years. (U.S.S.G. §2G2.2(b)(2)). The parties agree that 4 levels are added because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence. (U.S.S.G. §2G2.2(b)(4)). The parties agree that 2 levels are added because the offense involved the use of a computer. (U.S.S.G. §2G2.2(b)(6)). The parties agree that 5 levels are added because the offense involved 600 or more images. (U.S.S.G. §2G2.2(b)(7)(D) and Application Note 6(B)). The Government believes that 2 levels are added because the Defendant knowingly engaged in distribution. (U.S.S.G. §2G2.2(b)(3)(F)). The Defendant believes that the 2 level distribution adjustment under U.S.S.G. §2G2.2(b)(3)(F) does not apply. Both parties may argue their respective positions on this issue and the Court will determine application thereof at sentencing.

    c. Acceptance of Responsibility and Other Chapter Three Adjustments. The parties agree that if the Defendant (1) provides full, complete and truthful disclosures to the United States Probation and Pretrial Service Office, including providing complete, accurate and truthful financial information; (2) testifies truthfully during the change of plea and sentencing hearings; (3) complies with this agreement; and (4) undertakes no act inconsistent with acceptance of responsibility before the time of sentencing, the Government agrees to recommend that the Defendant receive a two-level reduction for

        acceptance of responsibility under U.S.S.G. §3E1.1(a), and to move for an additional one-level reduction under §3E1.1(b).

    d.    <u>Criminal History Category</u>.  Based on information available at this time, the parties believe that the Defendant's criminal history category is I or II.  This does **not** constitute a stipulation, but a belief based on an assessment of the information currently known.  The Defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Pre-Sentence Report and by the parties at the time of sentencing.  If it is determined that the Defendant's criminal history is more than I, that will not be a basis to withdraw from the plea agreement.

    e.    <u>Guideline Range</u>.  If Defendant's final adjusted offense level is <u>34</u>, and his criminal history category is I, then the resulting advisory Guidelines range is 151-188 months of imprisonment.  If the Defendant's final adjusted offense level is <u>34</u>, and his criminal history category is II, then the resulting advisory Guidelines range is 168-210 months of imprisonment.

        If Defendant's final adjusted offense level is <u>32</u>, and his criminal history category is I, then the resulting advisory Guidelines range is 121-151 months of imprisonment.  If the Defendant's final adjusted offense level is <u>32</u>, and his criminal history category is II, then the resulting advisory Guidelines range is 135-168 months of imprisonment.

        Despite these Guidelines ranges, **the Defendant understands that the minimum sentence in this case is 180 months imprisonment.**

        The parties understand that the Court will make the final determination of both the final adjusted offense level and criminal history category at the sentencing hearing.

    f.    <u>Fine Range</u>. If the adjusted offense level is <u>34</u>, the fine range is $17,500 to $175,000.

    g.    <u>Supervised Release</u>.  The Sentencing Guidelines require a term of supervised release of at least five (5) years and up to a life term if a term of imprisonment of more than one year is imposed.  (U.S.S.G. §§5D1.2(a)(1) and 5D1.2(b)(2); 18 U.S.C. § 3583 (k)).

7.    **Discretion of the Court**.  The foregoing stipulations are binding on the parties, but do not bind the Court.  The parties understand that the Sentencing Guidelines

5

are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determinations regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines. If the Court determines that the applicable advisory Guideline calculations or the Defendant's criminal history category are different from that stated above, the parties may not withdraw from this Plea Agreement and the Defendant will be sentenced pursuant to the Court's determinations.

8. **Forfeiture**. The Defendant agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 2253(a):

a. any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110;

b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offense. Specifically, the parties agree that Defendant shall forfeit the following to the United States:

(1) Acer Aspire 3680 laptop computer, serial number LXAZL0Y068716149892500,
(2) HP 2000 laptop, serial number 5CG31913Q2, and
(3) Western Digital external hard drive, serial number WCAV5H9161T.

The Defendant agrees that this property is subject to forfeiture because the items were used to commit the violations charged in the Indictment. The United States reserves the right to seek the forfeiture of additional property.

9. **Restitution**. The Defendant understands and agrees that 18 U.S.C. § 2259

and the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, apply and that the Court is required to order the Defendant to make restitution to the victims of his crimes. There is no agreement with regard to the amount of restitution. The Defendant understands and agrees that the Court may order the Defendant to make restitution to any victims of his crimes, regardless of whether the victim was named in the Indictment or whether the victim is included in the count of conviction.

10. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the Defendant is convicted. (U.S.S.G. §5E1.3). The Defendant agrees that the $100 special assessment is due and payable at the time of sentencing.

11. **Waiver of Appeal and Collateral Attack.** The Defendant understands that 18 U.S.C. § 3742 affords the Defendant the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for the concessions made by the Government in this plea agreement, the Defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal the Defendant's sentence, if the Court imposes a sentence of 180 months of imprisonment. The United States waives its right to appeal the Defendant's sentence if the Court imposes a sentence of 180 months of imprisonment. Further, the Defendant expressly waives the right to petition under 28 U.S.C. § 2255. However, the waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel. The Defendant has discussed these rights with the Defendant's attorney. The Defendant understands the rights being waived, and the Defendant waives these rights knowingly, intelligently, and voluntarily.

12. **Complete Agreement**. This plea agreement, along with any agreement signed by the Parties before entry of plea, is the entire agreement and understanding between the United States and Defendant. There are no other agreements, promises, representations, or understandings.

Dated: 3/9/17

ANDREW M. LUGER
United States Attorney

BY: ANGELA M. MUNOZ-KAPHING
Assistant United States Attorney

Dated: 3-9-17

TIMOTHY ALLEN HODNEFIELD
Defendant

Dated: 3-9-17

ROBERT OWENS
Attorney for Defendant

8