UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CR 16-286 (ADM/FLN)

_____

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S** |
| v. | ) | **POSITION PAPER** |
| | ) | |
| TIMOTHY ALLEN HODNEFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

_____

The defendant submits the following as his position with regard to sentencing factors.

On page 5 paragraph 12, the PSR identifies one request for restitution for three victims in the amount of $15,000 ($5,000 each). I spoke with the three victims' attorney about settling. She asked me to confirm that the three sisters whom she represents were actually on Mr. Hodnefield's computer. She advised me that there are seven girls in the Sweet Sugar series and she has had cases where the series was on a computer but some or all of her clients were not. If they are not on Mr. Hodnefield's computer she will withdraw her request for restitution. The case agents are checking, and I will advise probation immediately after I hear back from them.

On page 21 paragraph 21, the offense level is increased by 2 points for distribution. We object. Not only is this one of the many cases where the intent was to possess and toward that end, distribution occurs by virtue of the functioning of peer-to-peer sites (admittedly, of which Mr. Hodnefield was aware), but enhancing the offense level for distribution when the base offense level is already significantly higher than for possession

results in double counting.  The fact that some courts have found a convoluted rationale to add 2 points for garden variety distribution in a distribution conviction does not make it right.  § 2G2.2(b)3 lists five enhancements for particularly egregious kinds of distribution (e.g. to a minor) which are justified, but the sixth enhancement is a catch-all for any other distribution not listed in the first five.  When the offense of conviction is distribution, and the enhancement is for plain distribution, we submit it "is violative of the intention of the Sentencing Commission that Guideline sections should not be construed in a manner that would result in cumulative punishment for the same conduct." *United States v. Lamare*, 980 F.2d 506, 517 (8th Cir. 1992) citing *United States v. Werlinger*, 894 F.2d 1015, 1017-18 (8th Cir. 1990).  We believe it is also violative of the Fifth Amendment prohibition against double jeopardy.

Lastly, we submit that the § 3553(a) factors of reflecting the seriousness of the offense, promoting respect for the law, deterrence, protecting the public and providing just punishment are more than fulfilled by a sentence of 180 months.  This defendant was abused himself as a child and still has not confronted that painful experience at the hands of an older brother.  He can benefit from intensive sex offender therapy and treatment for depression.

Please recommend a designation to FCI Sandstone, Minnesota.

Respectfully submitted,

Dated: May 24, 2017

**OWENS LAW, L.L.C.**

 /s/ *Robert W. Owens, Jr.*
Robert W. Owens, Jr.  (#146833)
5270 W. 84th Street, Suite 300
Bloomington, MN 55437
Telephone: (952) 831-0733
Attorney for Defendant