UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Timothy Allen Hodnefield,

        Defendant.

MEMORANDUM OPINION
AND ORDER
Criminal No. 16-286 ADM/FLN

_____

Angela M. Munoz, Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Douglas L. Micko and Andrew H. Mohring, Assistant Federal Defenders, Minneapolis, MN, on behalf of Defendant.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Timothy Allen Hodnefield's ("Hodnefield") Motion [Docket No. 82] for a compassionate release sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, Hodnefield's Motion is denied.

## II. BACKGROUND

On March 9, 2017, Hodnefield entered a plea of guilty to one count of distribution of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1). Min. Entry [Docket No. 62]; Plea Agreement [Docket No. 64]. In exchange for Hodnefield's guilty plea, the Government agreed to dismiss the remaining counts in the Indictment. Plea Agreement ¶ 1. Hodnefield admitted in the Plea Agreement that, beginning at least as early as June 2015, he used a peer-to-peer software program to access, download, and distribute hundreds of videos and dozens of images depicting child pornography. Id. ¶ 2. He also admitted that images and videos

of child pornography he possessed depicted children under the age of 12, depicted material that portrays sadistic or masochistic conduct, and that some of the videos were more than 5 minutes in duration. Id.

This was not Hodnefield's first conviction for child pornography. In 2006, he entered a "no contest" guilty plea to Wisconsin state court charges of possession of child pornography. Presentence Investigation Report [Docket No. 68] ("PSR") ¶ 37. An additional state charge for Incest with Child was dismissed at the time of Hodnefield's guilty plea. Id. While on probation for the state offense, Hodnefield did not attend sex offender treatment consistently, and his probation was extended one year due to his failure to complete treatment. Id. Hodnefield was discharged from probation in July 2012 after finishing his treatment program. Id.

In April 2017, Hodnefield provided a written statement to his federal probation officer about his federal offense. In the statement, Hodnefield wrote:

> I have been trying to understand why I started [accessing child pornography] again. I know I became depressed because I was living with my mother, I couldn't work, and I had no social life. I think maybe I returned to child pornography as a sort of self-destructive or self-punishing response to my depression and self-pity.

Id. ¶ 16.

On June 29, 2017, Hodnefield was sentenced to a mandatory minimum prison term of 180 months, followed by 20 years of supervised release. Sentencing J. [Docket No. 76] at 2. He is incarcerated at the Federal Medical Center in Lexington, Kentucky ("FMC–Lexington"). Hodnefield has served approximately 41 months, which is 22% of his 180-month sentence. His projected release date is November 26, 2029. See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed July 30, 2020). While in prison, Hodnefield has

incurred no disciplinary violations and has participated in educational programming. Ex. [Docket No. 89] at 2, 7.

Hodnefield now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Hodnefield, age 41, argues that he suffers from several chronic conditions, including Crohn's disease, hypertension, coronary artery disease, and obesity, which subject him to an increased risk of severe illness related to COVID-19. Hodnefield contends the living conditions at FMC-Lexington prevent him from mitigating the risk of contracting COVID-19 because social distancing and proper decontamination of surfaces are not possible. He requests the Court to reduce his sentence to time served and to release him to his mother's home, where he would begin his 20-year term of supervised release. Hodnefield's mother has agreed to restrict all minors from visiting the home and to remove unapproved Internet devices. Hodnefield proposes to be subject to one year of GPS location monitoring and be prohibited from engaging in any employment or volunteer work that would allow for direct or indirect contact with anyone under age 18.

The Government opposes Hodnefield's Motion, arguing a sentence reduction is not warranted because Hodnefield poses a danger to the community and the § 3553(a) sentencing factors weigh against his release.

### III.  DISCUSSION

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that

"extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's applicable policy statement defines "extraordinary and compelling" reasons to include serious medical conditions or cognitive impairments "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 comment n.1(A)(ii).  "[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of th[e] policy statement." U.S.S.G. § 1B1.13 comment n.3.  The policy statement also requires the court to determine that "[t]he defendant is not a danger to the safety of any other person or to the community" before a sentence reduction may be granted under § 3582(c)(1)(A).  U.S.S.G. § 1B1.13(2).

A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

The parties agree that Hodnefield has satisfied the exhaustion requirement because he filed a request for release with the warden at FMC-Lexington on June 4, 2020, and more than 30 days have lapsed since the request.  Thus, Hodnefield's Motion is ripe for consideration.

The Court recognizes that Hodnefield's coronary artery disease, obesity, and weakened

4

immune system[1] are conditions that have been recognized by the Centers for Disease Control and Prevention ("CDC") as elevating the risk for severe illness and complications from COVID-19. See CDC, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed July 30, 2020). Additionally, at least 230 of FMC-Lexington's 1,140 inmates have tested positively for COVID-19 since the pandemic began, and 7 inmates have died. See Federal Bureau of Prisons COVID-19 Cases, https://www.bop.gov/coronavirus/ (last accessed July 30, 2020). Although only 1 inmate is currently COVID-19 positive at FMC-Lexington, future outbreaks at the facility cannot be ruled out. Social distancing and decontamination of surfaces to mitigate the risks of contracting the virus are not always possible in the dormitory-style environment where Hodnefield is housed.

Nevertheless, even if the Court were to find that these circumstances qualify as extraordinary and compelling reasons warranting a sentencing reduction, Hodnefield's Motion must be denied because he poses a danger to the community and because a sentence reduction would be inconsistent with the § 3553(a) sentencing factors. See, e.g., United States v. Sims, No. CR18-0262, 2020 WL 2838611, at *5 (W.D. Wash. June 1, 2020) (concluding that even if a prisoner had shown he was eligible for compassionate release due to his compromised medical condition, the court is not required to release him if the prisoner poses a danger to the community); United States v. Sears, No. 19-CR-21, 2020 WL 3250717, at *3 (D.D.C. June 16, 2020) (holding that "despite the fact that COVID-19 and [defendant's] medical condition are

---

[1] Hodnefield's weakened immune system is caused by the immunosuppressant he takes to treat his Crohn's disease.

extraordinary and compelling reasons to grant his motion for compassionate release, section 3553(a)'s purposes of punishment require maintenance of the original prison term") (internal quotations omitted).

Before a sentence reduction may be granted under § 3582(c)(1)(A), a court must determine that "[t]he defendant is not a danger to the safety of any other person or to the community". U.S.S.G. § 1B1.13(2). Here, releasing Hodnefield to his mother's home would return him to the same location where he committed the offense leading to his federal conviction. Hodnefield has blamed the living conditions at his mother's house as part of the reason for his return to his participation with child pornography, stating: "I have been trying to understand why I started it again. I know I became depressed because I was living with my mother, I couldn't work, and I had no social life." PSR ¶ 16. Although Hodnefield's mother has agreed to remove unapproved Internet devices from the home, the prevalence of such devices would make this condition difficult to monitor. See Sims, 2020 WL 2838611 at *6 ("In today's society with smartphones, tablets, laptops, smart TVs, and countless other devices, it would not be possible to place [defendant] in home confinement and eliminate his ability to engage in his prior criminal conduct.").

Additionally, because Hodnefield could commit his crimes from his mother's home, the probation officer charged with monitoring him would need to make repeated visits to the home, thereby increasing the probation officer's risk of COVID-19 exposure. See id. (finding danger to community where defendant could commit crimes from home and defendant would require close monitoring that would expose others to the risk of COVID-19); United States v. Miezin, No. 1:13CR15, 2020 WL 1985042, at *5 (N.D. Ohio Apr. 27, 2020) ("[E]ffectively monitoring

6

[defendant] would require repeated visits to his home.  Such visits would enhance the risk of the spread of COVID-19 to [defendant], anyone living with him, and the individuals charged with monitoring his compliance.").

The Court is not convinced that Hodnefield will not again reoffend if his sentence were reduced to time served.  Hodnefield lacks insight and understanding of the harm caused by viewing and distributing child pornography.  On May 3, 2020, he wrote, "According to this prison at least, no one with a sex offense is allowed to leave because we are violent.  Can someone tell me how looking at a picture is violent? . . . Everyone who has watched TV or a movie is guilty of a crime because it portrays violence."  Mot. at 2.  These statements add to the Court's concern that Hodnefield would be a danger to the community if he were released at this time.

The sentencing factors in § 3553(a) also weigh against reducing Hodnefield's sentence.  These factors include "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a).

With regard to the nature and circumstances of the offense, "the possession and distribution of child pornography is an extremely serious crime because it involves trading depictions of the actual sexual assault of children, and the abuse that these child victims endure will remain available on the internet forever."  Sears, 2020 WL 3250717 at *2.  Here, Hodnefield knowingly used a peer-to-peer file sharing software to download and distribute hundreds of video files and dozens of images depicting the sexual abuse of minors, including material

involving children under 12 and lengthy videos of sexual abuse lasting 29, 39, 48 and 120 minutes. Plea Agreement ¶ 2; PSR ¶ 93. The disturbing nature of this offense is compounded by the fact that Hodnefield is a repeat child pornography offender who had undergone sex offender treatment in the past yet still reoffended. These circumstances weigh against a sentence reduction.

As to the need for the sentence to reflect the seriousness of the crime and provide just punishment, Congress' establishment of a 180-month mandatory minimum sentence for Hodnefield's offense demonstrates that reducing Hodnefield's sentence to the 41 months he has served would seriously undermine these sentencing objectives. Lastly, as discussed above, Hodnefield's 180-month sentence is necessary to protect the public from further crimes by Hodnefield. A reduction in Hodnefield's sentence is not consistent with the § 3553(a) factors at this time.

## IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Timothy Allen Hodnefield's Motion [Docket No. 82] for a compassionate release sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DENIED**.

BY THE COURT:

 s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated: July 31, 2020